UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WANDA M. WALKER-RUFFIN,
        Plaintiff,

v.                                     Case No. 13-C-0529

MILWAUKEE METAL PRODUCTS, et al.,
        Defendants.

## DECISION AND ORDER

As I noted in my last order in this case, plaintiff Wanda Walker-Ruffin, proceeding pro se, has filed a mostly incomprehensible complaint against various defendants. The only potentially viable federal claim that I can find in the complaint is an ERISA claim to recover benefits due under an employee-benefits plan. The proper defendants to this claim would be the plan itself and maybe also the plan's fiduciaries and any insurer who issued a policy associated with the plan. See Larson v. United Healthcare Ins. Co., 723 F.3d 905, 911 (7th Cir. 2013). The complaint suggests that the plan is known as the "Milwaukee Metal Products Profit-Sharing 401(k) Plan." ECF No. 1 at p. 3 of 7. In my last order, I noted that it was possible that this entity, along with two other persons identified in the complaint, Betty Jane Parrot and the Wisconsin Insurance Security Fund, might be proper defendants to an ERISA claim to recover employee benefits.

After I issued my last order, the Wisconsin Insurance Security Fund filed a motion to dismiss. The Fund argues that it has not been properly served with process, that the complaint fails to state a claim for relief against it, and that an order of the Dane County Circuit Court bars the plaintiff from pursuing claims against it in this court. I will grant the

Fund's motion to dismiss on the ground that the complaint does not state a claim for relief against it. See Fed. R. Civ. P. 12(b)(6). Upon further review of the complaint, I realize that plaintiff has not alleged that the Fund issued an insurance policy associated with any employee-benefit plan. Rather, the allegations in the complaint concerning the Fund relate to plaintiff's claim involving workers-compensation benefits. Because I have dismissed any claims involving workers-compensation benefits, the Fund will be dismissed from this case.

Also before the court are motions filed by EMJAY Corporation and Chittenden, Murday & Novotny LLC. Plaintiff attempted to serve these entities with process, but they are not named as defendants or otherwise identified in the complaint. Out of an abundance of caution, these entities filed motions to quash the purported summonses instead of simply ignoring them as invalid. Because the entities are not defendants in this case, the motions to quash the summonses will be granted.

At this point, I must determine what to do with this case. As I noted in my last order, plaintiff had until September 7, 2013, which was 120 days from the date the complaint was filed, to complete service of process on the individuals and entities that might be proper defendants to an ERISA claim. See Fed. R. Civ. P. 4(m). Having reviewed the returns of service that plaintiff filed, I conclude that she has not completed service on such individuals and entities—i.e., the plan, the plan administrator, or any insurer associated with the plan. This means that I must either dismiss this action without prejudice or order that service be made within a specified time. Id. Plaintiff has not requested additional time to complete service, and because it is not even clear that plaintiff has a viable federal claim, I will not on my own motion extend the time for service. Accordingly, this action will be dismissed without prejudice.

Accordingly, **IT IS ORDERED** that the Wisconsin Insurance Security Fund's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that EMJAY Corporation's motion to quash is **GRANTED**.

**IT IS FURTHER ORDERED** that Chittenden, Murday & Novotny LLC'S motion to quash is **GRANTED**.

**FINALLY, IT IS ORDERED** that this action is dismissed without prejudice under Federal Rule of Civil Procedure 4(m). The Clerk of Court shall enter judgment.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

3

Case 2:13-cv-00529-LA   Filed 11/21/13   Page 3 of 3   Document 33